IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 904-02






CARROLL DWAYNE YOUNG, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






 Johnson, J., filed a dissenting opinion in which Meyers and Price, JJ.
joined.


D I S S E N T I N G O P I N I O N 



 During voir dire, the trial court engaged Mrs. Valdez, a potential juror, in an exchange about her
experiences working with children who had been sexually assaulted. Young v. State, No. 1410-01 (Tex.
Crim. App., delivered _____, slip op. At 2-4). The essence of the exchange, which occurred in the
presence of the entire venire, was that in her 25 to 30 years of working with children who had been
assaulted, she had encountered no child who had been found to be lying about the assault. Anyone who
has ever had a child, or been one, knows that children lie, but it was not Ms. Valdez' testimony that
children never lie. Her testimony was that children never lie about being sexually assaulted, an entirely
different proposition. Such an opinion from a person with her stated experience carries significant weight
because dealing with children who have been sexually assaulted is not within the experience of most people. 
She, in effect, testified to the jury as no expert would be permitted to do. 

 I would find that her remarks poisoned the panel and were harmful and that the harm was
exacerbated by the continued exchange between the trial court and Ms. Valdez after appellant's counsel
moved for mistrial. Because of that continued exchange after the request for mistrial, I would find that the
harm could not be cured by an instruction to disregard.

 I respectfully dissent. 

 Johnson, J.

En banc

Filed: June 9, 2004

Publish